IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               No. 1:21-cr-10062-JDB-1

GARY LEON MASON,

    Defendant.

_____

ORDER ADVISING PARTIES THAT OCCASIONS-DIFFERENT INQUIRY FOR
PURPOSES OF THE ACCA WILL BE CONDUCTED BY THE COURT
_____

On May 18, 2022, the Defendant, Gary Leon Mason, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket Entry ("D.E.") 33.) The United States Probation Office ("USPO"), in a presentence report prepared July 14, 2022, recommended a sentence of 188 months' imprisonment. (D.E. 37.) In doing so, the USPO applied the enhancement set forth in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). The parties subsequently raised the issue of whether the sentencing judge or a jury must determine whether the enhancement applies to this case in light of the recent United States Supreme Court decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022).

    The ACCA provides in pertinent part that:

> [i]n the case of a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . .

18 U.S.C. § 924(e)(1); *United States v. White*, 58 F.4th 889, 894 (6th Cir. 2023). The Government maintains that the enhancement is warranted in light of Defendant's prior qualifying convictions

handed down by the Fayette and Hardeman County, Tennessee, circuit courts in 1987, 2018, and 2019.

But who should decide whether those convictions were committed on occasions different from one another? It is the position of the Government, joined by the Defendant, that, as the Sixth Amendment prohibits a sentencing judge from finding "non-elemental facts" concerning a prior conviction, the occasions-different inquiry must be resolved by a jury or admitted by the defendant. Non-elemental facts are those that are "amplifying but legally extraneous circumstances as distinct from the elements of a crime."[1] *United States v. Hennessee*, 932 F.3d 437, 441 n.3 (6th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 896 (2020). Prior to 2022, the parties' stance ran contrary to Sixth Circuit precedent, which held that "a district court may consider both elemental and non-elemental facts contained in *Shepard*-approved documents to determine whether prior felonies were committed on occasions different from one another for purposes of the ACCA." *Id.* at 444.

Enter *Wooden*. In 1997, the defendant therein and his associates unlawfully entered a one-building storage facility and proceeded from one unit within the structure to another, breaking the interior drywall separating the individual units as they went. *Wooden*, 142 S. Ct. at 1067. In all, the men stole items from ten different units. *Id.* Wooden pleaded guilty to ten counts of burglary, one for each storage unit entered. *Id.* Seventeen years later, at sentencing for a § 922(g) conviction, the federal district court adopted the Government's argument that "every time Wooden busted into another storage unit, he commenced a new 'occasion' of criminal activity" for purposes of the occasions-different requirement for the ACCA enhancement. *Id.* at 1067-68. Application

---

[1]Elemental facts, on the other hand, are "those constituting elements of the offense and the only facts the court can be sure the jury so found." *Hennessee*, 932 F.3d at 441 n.3 (internal quotation marks omitted).

of the enhancement garnered Wooden a 188-month sentence, which the Sixth Circuit affirmed utilizing the same rationale as the district court. *Id.* at 1068.

The Supreme Court granted certiorari in order to resolve a split between circuits such as the Sixth, which interpreted the occasions-different clause as satisfied if crimes were committed "sequentially rather than simultaneously," and others taking a "more holistic" approach, considering timing as well as other circumstances of the crimes committed. *Id.* The Court reversed, finding that the clause involved a "multi-factored" inquiry in which "a range of circumstances may be relevant to identifying episodes of criminal activity," including timing, proximity of location, and the character and relationship of the offenses. *Id.* at 1070-71. The Court predicted that the application of this approach would generally be "straightforward and intuitive." *Id.* at 1071.

The *Wooden* Court explicitly avoided the question raised here. *See id.* at 1068 n.3 ("Two *amici curiae* have briefed another question arising from ACCA's occasions clause: whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion. . . . We do not address that issue because Wooden did not raise it."). The parties in this case insist, however, that, because *Wooden* now requires consideration of non-elemental facts, a jury finding, or a defendant's admission, is mandated by the Sixth Amendment.

The parties concede, to their credit, that neither the Supreme Court nor the Sixth Circuit has adopted the position they espouse. Indeed, this circuit has uniformly held that *Wooden* did nothing to alter its pre-2022 precedent on the jury-versus-judge issue. *See United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022) (in post-*Wooden* decision, the court, rejecting defendant's argument that occasions-different question must be decided by a jury, noted that "we have already held the contrary"), *cert. denied*, 143 S. Ct. 606 (2023); *United States v. Williams*, 39 F.4th 342,

351 (6th Cir. 2022) (court found, post-*Wooden*, that "this court has already held that consistent with *Apprendi v. New Jersey*, 530 U.S. 466 . . . (2000), a sentencing judge may answer the question of whether prior offenses were committed on occasions different from one another," citing *United States v. King*, 853 F.3d 267, 274 (6th Cir. 2017), *cert. denied*, 2023 WL 3046167 (U.S. Apr. 24, 2023); *see also United States v. Cook*, No. 22-5056, 2022 WL 4684595, at **1-2 (6th Cir. Oct. 3, 2022) (holding that *Wooden* did nothing to alter Sixth Circuit ruling in *Hennessee* as reaffirmed in *Williams*), *cert. denied*, 2023 WL 2745018 (U.S. Apr. 3, 2023).  The parties have offered no basis upon which this Court is persuaded to depart from the settled, well-reasoned precedent in this circuit.  While the higher courts will likely address the question at some point, for now, this Court must follow precedent.  Accordingly, the Court finds that it is not required under the Constitution to submit the occasions-different inquiry to a jury.

To that end, the parties are DIRECTED to submit to the Court any documentary evidence they deem necessary to assist the Court in rendering a determination on the occasions-different requirement of the ACCA within ten days of the entry of this order.

IT IS SO ORDERED this 1st day of May 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
